In the Matter of JOHN CHIRONNA et al., Similarly Situated, Respondents, against JAMES S. WATSON et al., Constituting the Civil Service Commission of the City of New York, Appellants-Respondents, and JACK R. ROITBURD et al., Similarly Situated, Interveners, Respondents-Appellants.

First Department, December 11, 1951.

*Anthony Curreri* of counsel (*Seymour B. Quel* with him on the brief; *Denis M. Hurley, Corporation Counsel,* attorney), for Municipal Civil Service Commission, appellants-respondents.

*Sidney A. Fine,* attorney (*Morris Weissberg* with him on the brief), for interveners-respondents-appellants.

*Salvator Milazzo* for respondents.

VAN VOORHIS, J.  On October 22, 1949, ninety-two candidates from eleven city departments or agencies took promotional civil service examinations for the position of electrical engineer. Each group of employees received an examination paper appropriate to the work in which they were employed.  Separate department eligible lists were to be promulgated.  This appeal concerns only candidates employed by the board of transportation and the department of public works.  A wide range of choice was offered to these candidates between questions upon the examination papers.  The examination taken by employees of the board of transportation had thirty-five questions of which seven were required to be answered; employees of the department of public works were required to answer seven questions out of thirty upon their papers.

After these examinations had been held, complaints were addressed to the municipal civil service commission that five of the thirty-five questions upon the examination paper for board of transportation employees, and two of the thirty questions upon the examination for employees of the department of public

works, were taken directly from a question-and-answer booklet written by one William Glendinning. Candidates were permitted to bring tables, handbooks or any other literature to these examinations, owing to the complexity of the mathematical calculations required to be performed which called for the use of handbooks in answering the questions. Although there is no evidence that any of the candidates brought Glendinning's book with them to the examinations, any of them might have done so, a possibility which caused the commission to discard those questions and to hold a supplemental examination in the case of all candidates who had answered any of the questions that had been taken from Glendinning's book.

The examiners for the commission ascertained that fifty out of ninety-two candidates had answered one or more of the excised questions. These fifty candidates were admitted to the supplemental examination, conducted as follows: For each one of the excised questions that had been answered by the candidate upon the original examination, there was substituted a new question of equal difficulty relating to the same subject matter. The performance of the candidate in answering these questions upon the second examination, was thereupon considered in conjunction with his performance in answering the questions upon the original examination other than those which were excised.

Petitioners have obtained a final order under article 78 of the Civil Practice Act annulling the original and supplemental examinations for employees of the department of public works and the board of transportation, enjoining the promulgation of any eligible lists for those departments resulting therefrom, and directing the municipal civil service commission to hold new competitive promotional examinations for all such employees. The basis for that order, now appealed from, is that those candidates who were required to take the supplemental examination were denied a choice between questions to be answered at their option, analogous to the right of election which had been afforded to those candidates who had selected none of the excised questions upon the original examination, and had therefore not been required by the commission to take the supplemental examination. We are satisfied that petitioners are not personally aggrieved, for the reason that they failed to pass the original examination, even after being credited with their answers to the excised questions.

The case has been somewhat confused by the position of the municipal civil service commission in court, that the questions asked of these candidates upon the supplemental examination were comparable to those which they had selected from among the excised questions on the original list. The new questions may have related to the same subject matter, and may have been equally difficult, but that would not render them the same questions. If the new questions were the same as the old, there would have been no point in conducting a supplemental examination. If the questions were not the same, even though relating to the same subject matter, combinations of circumstances can be imagined which could have vitiated at least the supplemental examination. We do not pass upon whether the absence of an option between questions in taking the supplemental examination could, under some conditions, vitiate the resulting eligible lists, in view of the circumstance that none of these petitioners could have been injured by what occurred, nor does the record show that facts exist which rendered the examinations an unfair test. The reason that petitioners are not aggrieved is as follows:

The papers upon the original examination were corrected in the usual manner, before the objections were presented to the commission that some of the questions had been taken from Glendinning's book. All of petitioners failed to pass, even after being credited with their answers to those questions. If any of them took Glendinning's book to the examination, it did not enable them to pass. The candidates were not graded in ratio to the others taking the examination, but by an absolute standard. Regardless of whether Glendinning's book might have enabled others to pass, it could not have depressed petitioners' grades. Therefore, the first examination was a fair determination that petitioners do not measure up to the required standard.

It so happens that petitioners failed after taking the supplemental examination also, although that is probably not material. Very likely, candidates, if there be such, who failed the first examination but passed the second, should have been eliminated also, without being admitted to a second examination, but petitioners would not be aggrieved by that.

The supplemental examination should have been held only for those who passed the first examination, having answered one or more of the excised questions. The record does not show whether there are any such persons. If some of that group

failed upon the supplemental examination after having passed the first examination, they would be aggrieved by any unfairness in the second examination. None of that group, however, have instituted this proceeding. If they were discriminated against, that would not alter the fact that these petitioners were unable to pass the original examination even with the aid of Glendinning's book. They should not personally be heard to complain. Moreover, even if they were held to be entitled to maintain the proceeding as members of the general public without showing any special grievance, the petition would still be insufficient in law, inasmuch as it fails to show that there are any candidates who failed the first examination but passed the second, or who passed the first but failed upon the second. The court is not called upon to set aside these civil service examinations in the absence of evidence that they have operated inequitably.

The order appealed from should be reversed, with one bill of $20 costs and disbursements to the appellants, the application denied, and the petition dismissed.

Dore, J. (concurring). I concur in the opinion of Mr. Justice Van Voorhis reversing the order appealed from, on the state of facts disclosed, but I consider that in addition to the reasons stated, it should be noted that these petitioners did have a choice on the first examination and exercised such choice by selecting the subject matter excised. They are not entitled to a *second* choice. In the circumstances disclosed, the action of the commission was legal, fair and reasonable and should not be disturbed. I vote to reverse and deny.

Peck, P. J., Glennon and Cohn, JJ., concur with Van Voorhis, J.; Dore, J., concurs in a separate opinion.

Order unanimously reversed, with one bill of $20 costs and disbursements to the appellants, the application denied and the petition dismissed. Settle order on notice.